# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISHMAEL DELANEY, | ) | 1:07-cv-1219 LJO DLB |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATIONS RE DEFENDANTS TILTON AND YATES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |
| v. | ) | |
| JAMES E. TILTON, et al., | ) | (Doc. 10) |
| | ) | |
| Defendants. | ) ) | |

On January 1, 2008, defendants James Tilton and James Yates ("Defendants") filed the instant motion to dismiss plaintiff's first, second, third, fourth, fifth, sixth, eighteenth and nineteenth causes of action as against them, pursuant to Federal Rules of Civil Procedure 12(b)(6) (Doc. 10). Plaintiff Ishmael Delaney filed an opposition on March 11, 2008, and on March 21, 2008 defendants filed their reply (Docs. 24, 32).

The matter was heard on March 28, 2008 before the Honorable Dennis L. Beck, United States Magistrate Judge. Ms. Jo Hoenninger appeared on behalf of Plaintiff. Mr. Todd Darrow Irby appeared on behalf of Defendants. Defendant Angel Ramirez Jr. is separately represented and did not participate in this motion.

///
///
///

I.     Summary of Plaintiff's Complaint

Plaintiff filed the instant complaint on August 21, 2007. Plaintiff names James E. Tilton, James A Yates, and Angel Ramirez Jr as defendants in this action. Plaintiff states that she is a pre-operative male-to-female transgendered individual incarcerated at Pleasant Valley State Prison ("PVSP") when the events at issue in this action occurred. Plaintiff alleges that from April 2006 to June 2006, defendant Ramirez sexually harassed, assaulted and battered plaintiff. Plaintiff alleges defendants Tilton and Yates:

(a) "knew that the customs, policies, practices or procedures employed by the [California Department of Corrections], including at PVSP, authorized and/or condoned inhumane conduct in the treatment of inmates" (Doc 1, Comp., ¶33);

(b) "acted with deliberate indifference to the rights of inmates incarcerated at CDC facilities, including at PVSP, adopted and implemented customs, policies or practices which authorized and/or condoned the inhumane treatment of inmates" (Id., ¶34);

(c) "knew that the training given to correctional officers employed by the [California Department of Corrections] including defendant Ramirez, was seriously inadequate and that the lack of appropriate training was likely to result in the inhumane treatment of inmates incarcerated at PVSP" (Id., ¶35);

(d) "despite having notice of said lack of appropriate training and with deliberate indifference, failed to take remedial action to prevent the inhumane treatment of inmates incarcerated at PSVP" (Id., ¶36); and

(e) "were deliberately indifferent to the need for training, supervision and discipline of correctional officers at PVSP....and failed to take appropriate remedial action...." (Id., ¶37).

II.    Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.

Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

III.   Discussion

(a)   Plaintiff's Eighth Amendment Claims

Plaintiff alleges that defendants Tilton and Yates failed to properly train and supervise, failed to adequately protect plaintiff, and were deliberately indifferent to plaintiff's pain and injury, in

///

///

violation of the Eighth Amendment. Plaintiff divides her Eighth Amendment claim into four separate causes of action.[1]

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Construing the pleading in the light most favorable to the plaintiff, and resolving all doubts in plaintiff's favor, the court finds that plaintiff's complaint does not provide facts sufficient to demonstrate that defendants Tilton or Yates knew of and disregarded an excessive risk to inmate

---

[1] Plaintiff's characterizes her claims as follows: "cruel and unusual punishment" (denoted as plaintiff's first cause of action), supervisory liability (plaintiff's second cause of action), "deliberate indifference - infliction of pain and injury" (plaintiff's fifth cause of action), and "deliberate indifference - failure to train and supervise" (plaintiff's sixth cause of action). (Doc. 1 pp. 9 - 11).

health or safety. Id. Plaintiff must do more than merely allege that defendants were deliberately indifferent. Plaintiff's complaint fails to state a claim for relief under §1983 for violation of the Eighth Amendment. However, the court will provide plaintiff with an opportunity to amend her Eighth Amendment claim as against defendants Tilton and Yates.

Plaintiff is reminded that under section 1983, liability may not be imposed on supervisory personnel such as Tilton and Yates for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

(b)     Plaintiff's Fourteenth Amendment Claims

With respect to plaintiff's Fourteenth Amendment claims, defendants contend that the Fourteenth Amendment offers no greater protection than the Eighth, and that plaintiff's Fourteenth Amendment claim should be subsumed by her Eighth Amendment claim. In Whitley v. Albers (475 U.S. 312, 106 S. Ct. 1078) the Supreme Court considered the protection afforded to prisoners under the Eighth and Fourteenth Amendments in a case where a prison guard's use of force was challenged as excessive and unjustified. (475 U.S. 312, 327). In that case, the court held that the Eighth Amendment served as the primary source of protection. The court reasoned that it would be surprising if "conduct that shocks the conscience or affords brutality the cloak of law, and so violates the Fourteenth Amendment, were not also punishment inconsistent with contemporary standards of decency and repugnant to the conscience of mankind, in violation of the Eighth." (Id., internal citations omitted), and concluded that in circumstances involving prison inmates, the Fourteenth

Amendment Due Process clause affords no greater protection than the Cruel and Unusual Punishment Clause. (Id.).  In Murphy v. Dowd, 975 F. 2d 435 the United States Court of Appeals, Eighth Circuit, affirmed the district court's holding that a prisoner's Fourteenth Amendment complaint regarding involuntary exposure to environmental tobacco smoke was subsumed by his Eighth Amendment claim of cruel and unusual punishment, per Whitley.

In the present case, plaintiff's Fourteenth Amendment claims are more appropriate for an Eighth Amendment analysis, and are in fact subsumed by her Eighth Amendment claims. Defendants are entitled to dismissal of plaintiff's Fourteenth Amendment claims without leave to amend.  However, as stated previously, plaintiff will be provided an opportunity to file an amended complaint setting forth sufficient facts to support her claim for relief for violation of plaintiff's Eighth Amendment rights.

(e)     Plaintiff's State Law Claims

Given the court's recommendation that plaintiff be granted leave to amend her Eighth Amendment claims, the court declines to rule on dismissal of plaintiff's state law claims at this time. Defendants may renew their motion to dismiss if and when plaintiff amends her federal claims.

IV.    Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss for failure to state a claim as against defendants Tilton and Yates, filed January 1, 2008, be GRANTED;

2. Plaintiff's request for leave to file an amended complaint be GRANTED.  Plaintiff shall file an amended complaint within forty-five (45) days of these Findings and Recommendations setting forth her allegations as against defendants Yates and Tilton for violation of the Eighth Amendment and any supplementary state law claims; and

3. Defendants Tilton and Yates' responsive pleading is due thirty (30) days from the date of filing of plaintiff's amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

6

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 30, 2008**            /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE