# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISHMAEL DELANEY, | ) CASE NO.: 1:07-cv-1219 LJO DLB PC </br> ) </br> ) ORDER RE CDCR'S MOTION TO QUASH </br> ) AND REQUEST FOR PROTECTIVE ORDER </br> ) </br> ) (Doc. 39) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |
| Petitioner, | |
| v. | |
| JAMES E. TILTON, et al., | |
| Respondents. | |

**I.     Motion to Quash**

Non-party California Department of Corrections and Rehabilitation ("CDCR") filed the instant motion to quash the *subpoena duces tecum* issued by counsel for defendant Ramirez Jr. on May 7, 2008. This matter was heard on September 5, 2008 before the Honorable Dennis L. Beck, United States Magistrate Judge.  Rayelle Sabo appeared on behalf of the CDCR, Harry Stein appeared on behalf of defendant Ramirez Jr., and Misha Igra appeared on behalf of defendants Tilton and Yates.  No one appeared for plaintiff.

**A.     Background**

Plaintiff Ishmael Delaney ("Plaintiff") is a state prisoner proceeding in this civil rights action. Plaintiff was housed at Pleasant Valley State Prison when the events at issue in this action allegedly occurred.  Plaintiff alleges, *inter alia*, that from April 2006 to June 2006, she was repeatedly sexually

1

harassed, assaulted and battered by defendant Ramirez Jr. Plaintiff alleges that defendants Tilton and Yates failed to adequately train and/or supervise.

On May 7, 2008, defendant Ramirez Jr. served upon defendant Tilton a *subpoena duces tecum* seeking portions of plaintiff's C-file and any other records in the possession of CDCR containing information relating to:

1. Any and all allegations made by Inmate Delaney against staff, policies and procedures;

2. Any and all allegations made by Inmate Delaney against staff, other inmates, policies, and/or procedures that relate in any manner to physical contacts, offensive comments, lack of medical care, discipline, victimization, threats, intimidation, housing and classification;

3. Records of CDCR's Internal Affairs investigation of former Correctional Officer Angel Ramirez, based upon allegations made by inmate Delaney during 2006, including but not limited to summaries of investigation, interview transcripts of any and all witnesses, or copies of recordings of such interviews, findings and recommendations;

4. Copies of all recordings made during the above described Internal Affairs investigation;

5. Any and all medical records of/concerning Inmate Ishmael Delaney relating to injuries, complaints of pain or discomfort, arising from sexual activity of any type that are in the possession of the CDCR whether created during or prior to the date of Inmate Delaney's incarceration;

6. Any and all medical records of/concerning Inmate Delaney relating to injuries, complaints of pain or discomfort, arising from allegations of assaults/batteries of any type that are in the possession of the CDCR whether created during or prior to Inmate Delaney's incarceration;

7. Any and all medical, psychiatric, and/or psychological records of/concerning Inmate Delaney relating to emotional distress, depression, psychic trauma or any other issues relative to mental health that are in the possession of the CDCR whether created during or prior to Inmate Delaney's date of initial incarceration;

8. Any and all medical records of/concerning Inmate Delaney relating to injuries, complaints of pain or discomfort, arising from accidents of any type that are in the possession of the CDCR whether created during or prior to Inmate Delaney's incarceration;

9. Any and all records relative to disciplinary action taken against inmate Delaney relative to dishonesty, fabrication, improper relationships of any kind whatsoever, threats, possession of contraband and/or unauthorized, excessive property, extortion, bribery, sexual conduct; and

10. Any and all records relative to any allegations made against Inmate Delaney relative to dishonesty, fabrication, improper relationships of any kind whatsoever, threats,

        possession of contraband and/or unauthorized and/or excessive property, extortion, bribery, sexual conduct.

On July 2, 2008, CDCR filed the instant motion to quash. (Docs. 39-42). Defendant Ramirez Jr. filed his opposition on August 8, 2008. (Doc. 53). At the hearing, defendant Ramirez Jr. withdrew Request No. 8.

**B.  Discussion**

CDCR asserts that the documents requested are not discoverable because: 1) defendant has not demonstrated good cause for the production of the documents requested; 2) the records are privileged based on official information privilege; 3) information contained in the records sought are protected by the Information Practices Act of 1977; 4) the medical and mental health records are protected by the California Confidentiality of Medical Information Act ("CMIA") and the federal Health Insurance Portability and Accountability Act ("HIPAA"); and 5) defendant's request is overbroad.

**1.  Official Information Privilege**

CDCR asserts that the information sought is protected by official information privilege covering investigatory files pursuant to California Evidence Code §1040. At the motion hearing, counsel for CDCR specifically objected to the disclosure of any records pertaining to CDCR's Internal Affairs investigation into the incident giving rise to this action.

California Evidence Code §1040 creates a privilege for official information. However, state privilege does not govern these proceedings. *Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal., 1997).

To the extent that CDCR seeks to invoke official information privilege pursuant to federal common law, the party invoking the privilege must submit an affidavit or declaration showing that the agency generated or collected the information and maintained its confidentiality; the declarant reviewed the materials personally; there is a specific governmental or privacy interest that would be threatened by disclosure; a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and an assessment of the extent of the harm that would result from disclosure. *Kelly v. City of San Jose*,

114 F.R.D. 653, 667-9. (N.D. Cal., 1987); see also *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal., 1992).

In the instant case, CDCR has submitted a declaration stating that the documents are confidential, that CDCR is obligated to maintain their confidentiality, and that the requested documents may pose safety and/or security risks to inmates, staff, third parties and/or the institution. (Doc. 41, Sabo Declaration, ¶3). However, at the motion hearing, counsel for CDCR acknowledged that although there existed 29 audiotapes of interviews, and possibly more materials responsive to defendant's Requests Nos. 3 and 4, counsel had not reviewed the materials. Nor has CDCR satisfied the Court that the effectiveness of the Internal Affairs process could not be maintained by the issuance of a protective order. CDCR has not made a threshold showing that it is entitled to official information privilege. Accordingly, the Court rejects CDCR's assertion of official information privilege.

**2.  Information Practices Act of 1977, §1798 et seq.**

CDCR contends that the records requested includes confidential information that is protected by the Information Practices Act of 1977, §1798 et seq.

State privilege law does not apply in federal question cases, such as the instant case; federal law governs even state law claims that are pendant to federal question cases. See *Jackson,* 653 at 654. CDCR's objection to the subpoena on this ground is overruled.

**3.  CMIA and HIPAA**

CDCR further asserts that the medical and mental health records sought are protected under the California Civil Code §56 ("CMIA") and also the federal Health Insurance Portability and Accountability Act ("HIPAA"). With respect to the CMIA, federal privilege laws, not state laws, apply. *Id*. CMIA is not applicable.

With respect to HIPAA, this Court recently examined the privacy provisions contained therein allowing for the disclosure of medical information in the course of judicial proceedings. *Allen v. Woodford*, F. Supp. 2d, 2007 WL 309485 (E.D. Cal., 2007).

Under HIPAA, disclosure is permitted, *inter alia*, pursuant to a court order, subpoena, or discovery request when the healthcare provider "receives satisfactory assurance from the party

4

seeking the information that reasonable efforts have been made by such party to secure a qualified protective order." 45 C.F.R. § 164.512(1)(e)(ii)(b).  In the instant case, the Court finds that a protective order will satisfactorily protect the interests of HIPAA as it will prohibit the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and will require the return of the protected material at the conclusion of the litigation. 45 C.F.R. § 164.512(e)(v). All parties present during the hearing agreed that a protective order was necessary, and no one objected to the proposed order submitted by defendant Ramirez Jr.  Accordingly, the Court shall issue a protective order, thus satisfying CDCR's HIPAA concerns.

**4.     Relevancy and Overbreadth**

Of course, the Court's examination of CDCR's assertions of privilege would be meaningless if it turned out that the documents sought are not relevant to a party's claim or defense, or are not reasonably calculated to lead to the discovery of admissible evidence.  F.R.C.P. 26(b)(1).

CDCR contends that defendant Ramirez Jr. has not shown good cause for the production of the documents, and that the subpoena is overbroad. Based on the allegations made against defendant Ramirez Jr. in plaintiff's amended complaint, the Court finds that the documents sought via Requests Nos. 1-7, 9, and 10 are relevant to defendant Ramirez Jr.'s defense, and may lead to discovery of admissible evidence. However, defendant's requests are overbroad. The incidents giving rise to this claim occurred in 2006 and defendant has not placed any temporal limitation on his requests. Accordingly, for defendant's Requests Nos. 1, 2, 5, 6 and 7, CDCR's motion to quash is granted to the extent that Tilton/CDCR is only required to produce records created during calendar year 2006.[1]

With respect to defendant's Requests Nos. 9 and 10, Tilton/CDCR shall produce the requested documents for calendar years 2006 and 2007 only.

With respect to defendant's Requests Nos. 3 and 4, any witness statements and interviews conducted during the course of CDCR's Internal Affairs investigation into the incident giving rise

---

[1] At the hearing, the Court indicated that it would temporally limit defendant's request for medical records (Requests Nos. 5, 6 and &) to the year that the events giving rise to this action allegedly occurred. A review of plaintiff's amended complaint reveals that the alleged events occurred in 2006 and not 2007, as indicated at the hearing.

to this action are relevant and discoverable. Tilton/CDCR shall produce any and all recordings of interviews conducted by CDCR Internal Affairs with respect to the allegations made in plaintiff's complaint, any existing transcripts of such recordings, and any existing summaries prepared of the recordings.[2] CDCR shall redact from these documents any Social Security Numbers and/or Pay ID Numbers. Any opinions, conclusions and recommendations made by the CDCR investigators are unlikely to lead to the discovery of admissible evidence and therefore are not discoverable.

**II.     Motion for Protective Order**

Defendants and non-party CDCR request that a protective order be issued. The Court agrees that a protective order is necessary in this case. Accordingly, Tilton/CDCR shall provide counsel for defendant Ramirez Jr., the Law Firm of Rains Lucia Stern, PC, authenticated copies of the above-detailed records subject to the following restrictions:

1. The records ordered produced by this Order will be used solely for the purposes of litigating *Delaney v. Tilton et. al.*, Case No. 1:07-cv-1219 LJO DLB PC;

2. A copy of all records ordered produced to defendant Ramirez Jr. will additionally be provided to counsel for plaintiff in this matter. CDCR should identify which records should not be seen by plaintiff. Plaintiff's counsel will not allow the plaintiff access to the information contained in those records; and

3. Upon completion of this matter, and upon exhaustion of any appeals thereof, these records shall be returned to the Custodian of Records for the CDCR or destroyed pursuant to the directive of the Custodian of Records for the CDCR.

   IT IS SO ORDERED.

   **Dated:    September 16, 2008**                    **/s/ Dennis L. Beck**
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel for CDCR has indicated that there are potentially 29 audiotapes of interviews. CDCR is not required to transcribe these audiotapes, and defendant Ramirez Jr. shall bear the costs of copying the audiotapes.