# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISHMAEL DELANEY,

Plaintiff,

v.

JAMES E. TILTON, et al.,

Defendants.

CASE NO. 1:07-cv-01219 LJO DLB PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO DISMISS BE GRANTED IN PART AND DISREGARDED IN PART

(Doc. 55)

OBJECTION DUE WITHIN THIRTY DAYS

/

**Findings and Recommendations on Defendants' Motion to Dismiss**

## I. Procedural History

Plaintiff Ishmael Delaney ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Yates, Tilton, and Ramirez Jr. on plaintiff's first amended complaint, filed June 13, 2008. On August 27, 2008, defendants Tilton and Yates ("Defendants") filed a motion to dismiss plaintiff's claims against them for plaintiff's failure to exhaust his administrative remedies, and for failure to state a claim upon which relief may be granted. (Doc. 55). Plaintiff filed his opposition on October 9, 2008, and defendants filed a reply on October 20, 2008. (Docs. 60, 62).

This matter was heard before the undersigned on October 24, 2008. Counsel for plaintiff and counsel for defendants Tilton and Yates appeared. Counsel for defendant Ramirez Jr. appeared by telephone but did not participate in the motion.

///

## II. Motion to Dismiss for Failure to Exhaust Administrative Remedies

**A.     Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**B.     Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy

section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

In the instant case, Defendants contend that Plaintiff did not exhaust his administrative remedies in relation to his claims for failure to adequately train correctional officers, supervisory liability, negligence, and any other claims against them. (Doc. 55, p.4.). Defendants contend that Plaintiff filed an inmate grievance (Log # PVSP-S-06-02353) on August 9, 2006 concerning the alleged harassment and sexual assaults by defendant Ramirez Jr. upon Plaintiff, and it is undisputed that Plaintiff exhausted this grievance on April 26, 2007. (Doc. 55, Huckabay Decl., ¶9.). It is also undisputed that this grievance forms the crux of the instant lawsuit. However, Defendants argue that while the grievance exhausts Plaintiff's claims against defendant Ramirez Jr., it does not exhaust his claims against defendants Yates nor Tilton. Defendants have submitted evidence that Plaintiff did not file a prison grievance alleging that defendants Tilton or Yates failed to properly train or supervise, or alleging that these defendants committed any state torts. (Doc . 55, Emigh Decl., ¶13, 14; Doc. 55, Huckabay Decl., ¶16). Defendants argue that the grievance as drafted by Plaintiff did not provide the prison with sufficient notice that Plaintiff had raised a complaint of supervisory failure or improper policies and procedures. Defendants therefore assert that this action should be dismissed against them for Plaintiff's failure to exhaust his administrative remedies.

Plaintiff opposes Defendants' motion on the grounds that she is not required to name all defendants in her grievance nor specify all her claims in her 602 grievance. Plaintiff argues that she has exhausted the crux of her complaint, and that the claims against defendants Yates and Tilton are incidental to the claims that have been fully exhausted. (Doc. 60, p.6).

In her amended complaint, Plaintiff alleges that from April 2006 to June 2006, defendant Ramirez Jr. sexually harassed, assaulted and battered Plaintiff while she was incarcerated at Pleasant Valley State Prison. These allegations form the basis of Plaintiff's pending claims against defendant Ramirez. A review of Plaintiff's Form 602 grievance/appeal reveals that Plaintiff complained that defendant Ramirez sexually assaulted her on at least six separate occasions, with the last assault occurring on or about June 15, 2006. Plaintiff states that he was interviewed by the Internal Affairs

Office. Plaintiff states that she subsequently wrote to the Bureau of Prisons and was informed that an investigation was being conducted. Plaintiff requested as relief, *inter alia*, psychological treatment, that defendant Ramirez be fired and prosecuted, and that she be compensated for the damage caused by defendant Ramirez.

The appeals process does not require that inmates draft their appeals with the precision of an attorney. Plaintiff is correct in her assertion that she is not required to name the particular defendants in her grievance. "[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 923 (2007). "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and the not the PLRA, that define the boundaries of proper exhaustion." Id. The inmate appeal form CDC-602 does not require identification of specific individuals, Cal. Code Regs., tit. 15 § 3084.2(a) (West 2007).

Nonetheless, if an inmate is to file suit on the basis of wrongdoing by a prison official, that inmate must file an appeal which places officials on notice as to the basis of that wrongdoing. Jones, at 923. The failure to do so deprives officials of any opportunity review and take action on the alleged wrongdoing. In this instance, the appeal did not place officials on notice of Plaintiff's claims that the alleged conduct by defendant Ramirez Jr. was due to a failure by prison officials in training its correctional officers, or that supervisory personnel knew of the alleged violations and failed to prevent them. Nowhere in the appeal does Plaintiff complain that there was a failure to adequately train correctional officers, or that any supervisors were liable or negligent. The Court is unpersuaded by Plaintiff's argument that the claims against defendants Yates and Tilton are incidental to the exhausted claims and need not be specifically alleged in her grievance. To hold so would broaden the scope of any grievance filed to allow for supervisory defendants where no such allegations are raised, and consequently no notice provided.

Therefore, the appeal does not satisfy section 1997e(a) with respect to Plaintiff's claims against defendants Yates and Tilton, and the Court finds that Defendants are entitled to dismissal of the federal claims against them.

**III.     Motion to Dismiss for Failure to State a Claim Upon Which Relief may be Granted**

    **A.     Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court's role in reviewing the complaint for sufficiency is limited, Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**B. Discussion**

Based on the Court's finding that plaintiff did not exhaust the available administrative remedies prior to filing suit, the court does not reach defendants' other arguments. See Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust). Although the Court shall recommend that Defendants' motion to dismiss for failure to state a claim upon which relief may be granted be disregarded, having reviewed the arguments submitted by the parties in support and in opposition to the Rule 12(b)(6) motion to dismiss, the Court offers the following comments.

Plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of her civil rights. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Even accepting all of Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court would be hard-pressed to find that Plaintiff has alleged facts sufficient to state a claim that defendant Tilton personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

**IV. Plaintiff's State Law Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme

Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In the instant case, the court found that defendants Tilton and Yates are entitled to dismissal of the federal claims against them for plaintiff's failure to exhaust administrative remedies. As a result, the only claims left in this action against these defendants are state law claims. The Court therefore recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims against defendants Tilton and Yates and that these claims be dismissed from this action, without prejudice.

**V. Conclusion and Recommendation**

Plaintiff did not file an appeal placing prison officials on notice of his federal claims concerning defendants Yates and Tilton. Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss for failure to exhaust administrative remedies prior to filing suit, filed August 27, 2008, be GRANTED;
2. Defendants' motion to dismiss for failure to state any claims upon which relief may be granted be HEREBY DISREGARDED; and
3. The Court decline to exercise supplemental jurisdiction over plaintiff's state law claims against defendants Tilton and Yates and that these claims be dismissed from this action, without prejudice; and
4. Defendants Yates and Tilton be dismissed from this action, and that this action proceed only against defendant Ramirez Jr.

///

///

///

///

///

///

///

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **November 18, 2008**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE