UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISHMAEL DELANEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES E. TILTON, et al.,<br><br>Defendants. | CASE NO.: 1:07-CV-1219 LJO DLB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR ENTRY OF PARTIAL JUDGMENT BE DENIED.<br><br>(Doc. 71)<br><br>OBJECTIONS, IF ANY, DUE IN FIFTEEN (15) DAYS |

## I. Procedural Background

Plaintiff Ishmael Delaney ("Plaintiff"), a state prisoner, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. On August 27, 2008 defendants Yates and Tilton filed a Rule 12(b)(6) and unenumerated 12(b) motion to dismiss. (Doc. 55). On November 19, 2008, the Magistrate Judge issued a Findings and Recommendation, recommending that the motion be granted in part. The Findings and Recommendations were adopted in full by the District Judge by order issued December 24, 2008, and the federal claims against Yates and Tilton were dismissed for Plaintiff's failure to exhaust administrative remedies. Defendants Yates and Tilton were ordered dismissed from the action. (Docs. 64, 66).

///

On January 8, 2009, Plaintiff filed a motion for entry of partial judgment as to defendants Yates and Tilton (Doc. 71). Defendants Yates and Tilton filed an opposition on February 17, 2009, and Plaintiff filed a reply on February 20, 2009. (Docs. 75, 78). Defendant Ramirez Jr. did not file a response to the motion. This matter was heard on March 6, 2009 before the undersigned, with all counsel appearing telephonically.

## II. Analysis

Rule 54(b) of the Federal Rule of Civil Procedure provides:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Supreme Court in Curtiss-Wright Corp. v. General Electric Co. held that in making a determination on a Rule 54(b) motion for entry of judgment,

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision on a cognizable claim for relief, and it must be "final" in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.
>
> Once having found finality, the district court must go on to determine whether there is any just reason for delay....[A] district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

Curtis Wright Corp. v. General Electric Co., 446 U.S. 1, 7-8; 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980) (internal quotations and citations omitted)

There exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees of Tufts

College, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

Under the first step of the analysis, the Court treats the dismissal without prejudice of defendants Yates and Tilton for failure to exhaust administrative remedies as final. Plaintiff "has no way of curing the defect found by the court: there is no indication he could begin a new administrative process in the prison." See Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Griffin v. Arpaio, No. 06-16132, — F. 3d —, 2009 WL 539982 (9th Cir. March 5, 2009).

However, based on review of the parties' written and oral submissions, the Court is unable to make the determination that there is no just reason for delay that is required to enter judgment under Rule 54(b). The parties, including Plaintiff, acknowledge that the newly added defendants may bring a similar unenumerated 12(b) motion to dismiss the claims against them for non-exhaustion, the very basis upon which defendants Yates and Tilton were dismissed. The Court is concerned about the possibility of piecemeal litigation. Further, the Court is not persuaded that there is any pressing need for an early or separate judgment regarding defendants Tilton and Yates. Dismissal of some but not all defendants pursuant to an unenumerated 12(b) motion is not at all uncommon, and Plaintiff has not set forth any reason that justifies the costs and risks of multiplying the number of proceedings in this case.

## III. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that the motion for entry of partial judgment, filed January 8, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **March 9, 2009**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE