# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISHMAEL DELANEY,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES E. TILTON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-01219 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO DISMISS BE GRANTED IN PART AND DISREGARDED IN PART<br><br>(Doc. 86)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendant's Motion to Dismiss**

## I. Procedural History

Plaintiff Ishmael Delaney ("Plaintiff") is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed February 19, 2009. (Doc. 76.) Plaintiff names Ramirez Jr., Santiago, Beels, and Atley as defendants in this action.[1] On April 13, 2009, Defendant Santiago ("Defendant") filed a motion to dismiss Plaintiff's claims against him for Plaintiff's failure to exhaust her administrative remedies, for failure to state a claim upon which relief may be granted, and with respect to Plaintiff's state law claims, for failure to comply with the California Tort Claims Act. (Doc. 86.) Plaintiff filed an opposition on May 1, 2009, and Defendant Santiago filed a reply on May 8, 2009. (Docs. 88, 91.)
///

This matter was heard before the undersigned on May 15, 2009, with counsel for Defendant Santiago appearing in person, and counsel for Plaintiff and counsel for Defendant Ramirez Jr.

---

[1] Defendants Beels and Atley have not yet appeared in this action.

1

appearing telephonically. Defendant Ramirez Jr. did not participate in the motion.

**II.   Summary of Allegations Against Defendant Santiago**

Plaintiff was incarcerated at Pleasant Valley State Prison ("P.V.S.P.") at the time of the events giving rise to this action. Plaintiff alleges that from April through June 2006 she was sexually harassed, assaulted, and battered by Defendant Ramirez Jr., a Correctional Officer at P.V.S.P. (Doc. 75, Second Amended Complaint, ¶25.) Plaintiff alleges, inter alia, that in April and May 2006, Defendant Ramirez Jr. made sexual gestures and lewd comments to Plaintiff. (Id., ¶26). In May 2006, Defendant Ramirez Jr. was assigned as floor officer in Plaintiff's housing unit. (Id., ¶35). Plaintiff alleges that Ramirez Jr. repeatedly sexually assaulted Plaintiff in June 2006, with the last incident occurring on or about June 15, 2006. (Id., ¶¶51-56). Plaintiff alleges that she informed Defendant Santiago in April 2006 that she was being harassed by Defendant Ramirez Jr. (Id., ¶30). Plaintiff contends that Defendant Santiago was required, and failed, to report the incident to Defendant Beels, his superior.[2] Plaintiff alleges a violation of her rights under the Eighth Amendment of the United States Constitution, as well as pendant state claims for violation of her rights under the California Constitution, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.

**III.   Motion to Dismiss for Failure to Exhaust Administrative Remedies**

   **A.   Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19, (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies

---

[2] Alternatively, Plaintiff alleges that Defendant Santiago reported the complaint to Defendant Beels, but that Defendant Beels failed to respond.

2

to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### B. Law of the Case Doctrine

Counsel for Defendant Santiago requested in oral argument that the Court apply the law of the case doctrine in granting Defendant Santiago's motion to dismiss. On August 27, 2008, then defendants former Secretary of the California Department of Corrections and Rehabilitation James E. Tilton and Warden James A. Yates moved to dismiss the claims against them for Plaintiff's failure to exhaust administrative remedies prior to filing suit. (Doc. 55.) The motion was heard on October 24, 2008 and on November 19, 2008, the Court issued a Findings and Recommendations recommending that the motion be granted.[3] An order adopting the Findings and Recommendations was issued on December 24, 2008. (Doc. 66.)

"Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. For the law of the case doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition." Hydrick v. Hunter, 500 F.3d 978, 986 (9th Cir. 2007) (internal quotations and citations omitted).

The matter before the Court now is not entirely the same as the matter previously before it.

---

[3] The Court further recommended that Defendants Yates and Tilton's motion to dismiss for failure to state a claim be disregarded, and the Court decline to exercise supplemental jurisdiction over the state law claims.

3

The Court was previously required to determine whether Plaintiff exhausted her administrative remedies regarding her allegations against Defendants Yates and Tilton. In the Court's previous Findings and Recommendations, the Court found that Plaintiff's grievance did not place officials on notice of Plaintiff's claims that the alleged conduct by Defendant Ramirez Jr. was due to a failure by prison officials in training its correctional officers, or that supervisory personnel knew of the alleged violations and failed to prevent them. (Doc. 64, p.4:16-19.) The Court therefore found that Plaintiff failed to exhaust administrative remedies with respect to her claims against Defendant Yates and Tilton and recommended dismissal of the federal claims against them. The Court did not address whether Plaintiff grieved with adequate factual specificity her allegations against Defendant Santiago, which is at issue now. Therefore, we address the instant motion on the merits.

### C.  Motion to Dismiss for Failure to Exhaust Administrative Remedies

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). The CDC Form 602 instructs the grievant to describe the problem and action requested in sections A and B of the form. Id. Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

The appeals process does not require that inmates draft their appeals with the precision of an attorney. "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and the not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 127, S.Ct. at 923. "When a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Griffin v.

Arpaio, 557 F. 3d 1117, 1120 (9th Cir. 2009) (internal quotations and citations omitted). "The primary purpose of a grievance is to alert the prison to a problem and to facilitate its resolution". Id.

In the instant case, Defendant Santiago contends that Plaintiff failed to exhaust her administrative remedies regarding her allegations against him. Defendant Santiago contends that Plaintiff filed an inmate grievance on August 9, 2006 concerning the alleged harassment and sexual assaults by Defendant Ramirez Jr. upon Plaintiff and it is undisputed that Plaintiff exhausted this grievance on April 26, 2007. (Doc. 86, Huckabay Decl., ¶9.) This grievance, bearing Log # PVSP-S-06-02353, forms the crux of the instant lawsuit. Defendant Santiago argues that this grievance does not exhaust Plaintiff's administrative remedies concerning her claims against Defendant Santiago. Specifically, Defendant Santiago contends that the grievance does not exhaust the administrative remedies regarding Plaintiff's claim that he was aware in April 2006 that Defendant Ramirez Jr. was harassing Plaintiff and that Defendant Santiago failed to take reasonable action to protect Plaintiff from the subsequent assaults. (Doc. 86, p.5:16-19.) Defendant Santiago contends that the grievance did not provide prison officials with notice of Plaintiff's claim that Santiago and others were aware of the danger to Plaintiff and failed to take reasonable steps to protect her from the alleged assault by Defendant Ramirez Jr. in June 2006. (Id., p.6:20-23.) Rather, Defendant Santiago states that the grievance informed prison officials that she had not reported Ramirez Jr.'s misconduct to anyone until after the last assault in June 2006 occurred, and therefore, could not have provided notice that prison staff failed to respond to Plaintiff's earlier complaints. (Id., p.6:23-26.) It is on these grounds that Defendant Santiago asserts that the federal claims against him should be dismissed for failure to exhaust administrative remedies.

Plaintiff opposes Defendant Santiago's motion on the grounds that the grievance described the matters that Plaintiff thought were important given the limited space allowed to describe the problem.[4] In oral argument, Plaintiff's counsel argued that a grievance alleging harm to an inmate by a prison guard provides notice to prison officials of a failure to protect. Plaintiff argues that while

---

[4] Section 3084.2(a)(1) sets a limit of one continuation page, front and back, that may be attached to the appeal to describe the problem and action requested. Cal. Code Regs., tit. 15 § 3084.2(a)(1).

5

she focused her grievance on the assaults by Defendant Ramirez Jr. and her requests for protection and healing, the fact "[t]hat she didn't state in the grievance that she had complained about harassment to Santiago in April does not mean that she failed to exhaust her administrative remedies". (Doc. 88, p.4:23-24.)

In her grievance, Plaintiff states that in June 2006 she informed Correctional Officer J. J. Garrison that Correctional Officer Ramirez had sexually assaulted Plaintiff on six occasions. (Doc. 86, Grannis Decl., Exh. A, p.3.) Plaintiff states that she was asked to repeat this information to a Correctional Sergeant. (Id.) Plaintiff states that she handed over a patch of denim blue jeans that contained Ramirez's DNA to the Correctional Sergeant. (Id.) Plaintiff states the she was able to collect the DNA from the last time Ramirez assaulted her on or around June 15, 2006. (Id.) Plaintiff states that she was interviewed by staff from the Internal Affairs Office on June 26, 2006. Plaintiff states that she wrote to the Bureau of Prisons and was informed that an investigation was being conducted. (Id.) Plaintiff requested as relief, inter alia, that Defendant Ramirez Jr. be fired and prosecuted to the full extent of the law, that Plaintiff be given an HIV/AIDS test and also be tested for all other sexually transmitted diseases immediately, that Plaintiff be allowed to speak with a psychologist, and that Plaintiff receive monetary compensation for the physical, mental and emotional damage caused by Ramirez. (Id. at pp. 1, 3.)

As in the case here, where the prison grievance procedure is silent as to factual specificity, a grievance suffices if it alerts the prison the nature of the wrong for which redress is sought. Griffin, 557 F.3d at 1120. A failure to meet this "low floor" specificity requirement deprives officials of any opportunity to review and take action to resolve the problem. (Id.) In this instance, Plaintiff grieved the allegations of sexual assault, battery and misconduct by Defendant Ramirez Jr. that form the bases of the claims alleged against him here. However, the appeal did not place officials on notice of the nature of the wrong for which redress is sought against Defendant Santiago; namely that prior to the assaults, Plaintiff had complained to prison staff of Defendant Ramirez Jr's misconduct and that her request(s) for assistance went unheeded. Nowhere in the grievance/appeal does Plaintiff complain that there was a failure to respond to any earlier complaints she made prior to the June 2006 assaults. The Court is unpersuaded by Plaintiff's argument that notice of a failure to protect

arises each time an inmate grieves of a harm inflicted by a prison guard. Notification of one wrong (i.e., physical harm by a prison guard) does not automatically provide notice to prison officials of another (i.e., other prison staff were aware of the risk of harm before it occurred). The grievance/appeal submitted by Plaintiff does not satisfy section 1997e(a) with respect to Plaintiff's claims against Defendant Santiago. The Court finds that Defendant Santiago is entitled to dismissal of the federal claims against him.

The Court does not consider Defendant's further argument that Plaintiff failed to submit her grievance within fifteen (15) working days after the event or decision being appealed and thus failed to properly exhaust administrative remedies. Cal. Code Regs., tit. 15 § 3084.6 (2008).

**IV. Motion to Dismiss for Failure to State a Claim Upon Which Relief may be Granted**

Based on the Court's finding that Plaintiff did not exhaust the available administrative remedies with respect to Plaintiff's federal claims against Defendant Santiago, the Court does not reach Defendant's motion to dismiss for failure to state a claim. See Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

**V. Motion to Dismiss Plaintiff's Pendant State Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In the instant case, the Court finds that Defendant Santiago is entitled to dismissal of the

federal claims against him for Plaintiff's failure to exhaust administrative remedies. As a result, the only claims left in this action against this Defendant are state claims. The Court therefore recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state claims against Defendant Santiago and that these claims be dismissed from this action, without prejudice.

**VI.    Conclusion and Recommendations**

Plaintiff did not grieve with sufficient factual specificity the wrongs that form the bases of her claims against Defendant Santiago, and failed to properly exhaust her administrative remedies regarding her allegations against Defendant Santiago. Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendant Santiago's Motion to Dismiss for Failure to Exhaust Administrative Remedies Prior to Filing Suit, filed April 13, 2009, be GRANTED and the federal claims be dismissed without prejudice;

2. Defendant Santiago's Motion to Dismiss for Failure to State any Federal Claims Upon Which Relief May Be Granted be DISREGARDED;

3. The Court decline to exercise supplemental jurisdiction over Plaintiff's state claims against Defendant Santiago and that these claims be dismissed from this action without prejudice; and

4. Defendant Santiago be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 19, 2009**             **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE